UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD D. NEFF,

                            Plaintiff,                      **REPORT AND**
                                                                 **RECOMMENDATION**

v.                                                                              16-CV-875V

COUNTY OF ERIE, NEW YORK,
ERIE COUNTY SHERIFF'S DEPARTMENT,
DEPUTY SHERIFF BRADFORD G. BALLANTYNE,
DEPUTY SHERIFF JOHN DOE 1 -10, DEPUTY
SHERIFF JANE DOE said names being fictitious, but
intended to be the arresting/participating officers in the
incident herein,
                              Defendants.
_____

        Before the court is defendants' motion to dismiss the Complaint [3],[1] which has been referred to me for preparation of a Report and Recommendation [4]. Having reviewed the parties' submissions [3, 6, 7], I recommend that the Complaint be dismissed, with leave to replead.

## BACKGROUND

        Plaintiff commenced this action in State of New York Supreme Court, County of Erie by Summons and Verified Complaint dated October 15, 2016 ([1], pp. 7 of 31 *et seq*.). He seeks relief under 42 U.S.C. §1983 and state law for an incident which allegedly occurred on June 13, 2014. Id., ¶¶1, 6, 7, 11, 32, 38, 45, 53, 60, 67, 74, 83, 96 and 104.[2] On November 1, 2016 defendants removed the action to this court [1] and filed a Verified Answer [2]. They then moved to dismiss the Complaint pursuant to Fed. R. Civ. P. ("Rules") 4(m), 12(b)(6), and/or 12(c) [3].

---

[1]     Bracketed references are to the CM/ECF docket entries.

[2]     Although ¶91 alleges that the events occurred on November 27, 2014, I assume that this is a typographical error.

The Complaint alleges that on June 13, 2014 defendant Ballantyne, an Erie County deputy sheriff, "while employed by and acting in his official capacity . . . attacked, assaulted and seized Plaintiff . . . struck the Plaintiff and threw Plaintiff to the ground and then falsely arrested the Plaintiff" ([1], p. 9 of 31, ¶1); that the other deputy sheriffs present at the time (the "John and Jane Doe" defendants) failed to prevent him from doing so (id., ¶15), and that the County and Sheriff's Department are responsible for his actions (id., ¶¶24 *et seq*.). Plaintiff seeks recovery under 42 U.S.C. §1983 for deprivation of constitutional rights, and under state law for assault, battery, false imprisonment, and infliction of emotional distress.

In moving to dismiss, defendants argue that plaintiff's conclusory allegations under §1983 do not satisfy the plausibility requirements of Ashcroft v. Iqbal, 556 U.S. 662 (2009) (defendants' Memorandum of Law [3-2], Point IV); that plaintiff's state law claims are barred by applicable statutes of limitations (id., Point I); that Erie County cannot be held liable for the acts of the defendant deputies under the doctrine of respondeat superior (id., Point II); and that the Erie County Sheriff's Department is not a legally independent entity subject to suit (id., Point III).

**ANALYSIS**

**A.     The Applicable Standard**

Although defendants move under Rule 4(m) as well as 12(b)(6) ("failure to state a claim") and 12(c) ("judgment on the pleadings") ([3], p. 2 of 3), they do not address Rule 4(m), and I fail to see its applicability. Since they filed an Answer before moving to dismiss, technically they may not move under Rule 12(b)(6), since Rule 12(b) states that a motion asserting that defense "must be made before pleading". Therefore, "a motion to dismiss for failure to state a claim . . . that is styled as arising under Rule 12(b) but is filed after the close of pleadings, should be construed by the district court

as a motion for judgment on the pleadings under Rule 12(c)", Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim". Id. In addition, "[a] party may raise an affirmative defense, such as a statute of limitations defense, in a . . . Rule 12(c) motion if the facts supporting the defense, such as the relevant dates, appear on the face of the challenged pleading." Grigoriou v. First Resolution Investment Corp., 2014 WL 1270047, *3 (W.D.N.Y. 2014).

**B.    Plaintiff's §1983 Claims**

42 U.S.C. §1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress".

Although plaintiff purports to assert §1983 claims against the individual defendants as well as the County of Erie and the Sheriff's Department, he alleges that the individual defendants "were acting in their official capacity" ([1], p. 12 of 31, ¶14). That allegation is fatal to his §1983 claims against them individually. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity . . . . It is *not* a suit against the official personally, for the real party in interest is the entity") (emphasis in original); Phillips v. County of Orange, 894 F. Supp. 2d 345, 385, n. 35 (S.D.N.Y. 2012) ("to the extent the Individual Defendants have been sued in their official capacities, these suits should be dismissed, because the municipal entities are the real parties in interest"); Anemone v. Metropolitan Transportation Authority, 410 F.

Supp. 2d 255, 264, n. 2 (S.D.N.Y. 2006) ("[w]here, as here, the entity also is named as a defendant, the official capacity claims are redundant and are properly dismissed"). Since "[t]he Erie County Sheriff's Department is not a separate legal entity capable of being sued individually", Johnson-Schmitt v. Robinson, 990 F. Supp. 2d 331, 340 (W.D.N.Y. 2013), the only defendant potentially subject to plaintiff's §1983 claims is the County of Erie.

"[U]nder §1983, local governments are responsible only for their *own* illegal acts . . . . They are not vicariously liable under §1983 for their employees' actions." Connick v. Thompson, 563 U.S. 51, 60 (2011) (emphasis in original). "Plaintiffs who seek to impose liability on local governments under §1983 must prove that action pursuant to official municipal policy caused their injury . . . . Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Id., pp. 60–61; Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978).

Plaintiff argues that the sufficiency of his §1983 allegations should be determined by reference to N.Y.C.P.L.R. §3013 ("[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense"). Santarpia Affirmation [6], ¶9. However, "pleading in federal court is governed by the Federal Rules of Civil Procedure, not state practice rules and statutes", Beauty Beauty USA, Inc. v. Chin Hong Luo, 2011 WL 4952658, *1 (S.D.N.Y. 2011), even with respect to removed cases. Blau v. Allianz Life Insurance Company of North America, 124 F. Supp. 3d 161, 185 (E.D.N.Y. 2015) ("[a]lthough the Complaint was originally filed in New York State court, upon removal, it must comply with the Federal Rules of Civil Procedure").

"In deciding a Rule 12(c) motion, courts apply the same standard as that applicable to a motion under Rule 12(b)(6). Under that test, a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant . . . However, a plaintiff's obligation requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Lieberman v. City of Rochester, 2011 WL 13110345, *2 (W.D.N.Y. 2011), aff'd, 558 F. App'x 38 (2d Cir. 2014) (*citing* Iqbal, 556 U.S. at 678).

"The rule enunciated in Monell . . . permits a municipality to be held liable under §1983 if a plaintiff proves that the municipality violated a federally protected right through (1) a municipal policy, (2) a municipal custom or practice, or (3) the decision of a municipal policymaker with final policymaking authority." Lieberman, *7. Here, the Complaint alleges "upon information and belief" that the County was on notice that defendant Ballantyne engaged in a "pattern and practice of using unconstitutionally excessive force and personal vendettas against members of the public", and that it was the County's "policy and custom . . . to fail to adequately train and supervise its employees relating to the use of force" and "to overlook, excuse and disregard unprovoked acts of violence and personal vendettas by its employees in the course of their duties as Police Officers". [1], pp. 14-15 of 31, ¶24-30).

However, in Lieberman, this court found allegations quite similar to those this case[3] to be insufficient to withstand dismissal under Rule 12(c). "[P]laintiffs allege, in utterly conclusory fashion, that the City had notice of the officers' alleged propensity to engage in improper conduct, that the City ratified the officers' improper conduct, and that the City failed to properly train and supervise the officers. No facts are alleged in support of that assertion. Such an allegation is not nearly sufficient to support a Monell claim because the complaint as a whole contains no factual assertions whatsoever

---

[3]  *See* Lieberman, 07-cv-6316, Second Amended Complaint [21], ¶¶88-101.

regarding City policy." Id., *7; *see also* Tieman v. City of Newburgh, 2015 WL 1379652, *13 (S.D.N.Y. 2015) ("mere allegations of a municipal custom, a practice of tolerating official misconduct, or inadequate training and/or supervision are insufficient to demonstrate the existence of such a custom unless supported by factual details").

Therefore, I recommend that plaintiff's §1983 claims be dismissed.

**C.     Plaintiff's State Law Claims**

"Under 28 U.S.C. §1367(c)(3), a district court may, but is not required to[,] decline to exercise its supplemental jurisdiction over state-law claims if the district court has dismissed all claims over which it has original jurisdiction." Lieberman, *7. In deciding whether to exercise that jurisdiction, the court should "balance [ ] the traditional values of judicial economy, convenience, fairness, and comity". Kolari v. New York-Presbyterian Hospital, 455 F.3d 118, 122 (2d Cir. 2006). "No single factor is dispositive, and the decision whether to retain jurisdiction over the state-law claims must be made in light of the specific circumstances of the case at bar". Lieberman, *8.

For reasons to be discussed, I conclude no state court would allow plaintiff's state law claims to survive. Under these circumstances, "the interests of judicial economy, convenience and fairness are best served - and the interest of comity would not be harmed - by this Court resolving the remaining straightforward issues of state law. Declining to exercise supplemental jurisdiction in these circumstances would open the door to additional state court litigation . . . with all of the attendant costs, to resolve what are . . . futile claims. Such an outcome would not be fair to the Parties and would be a waste of judicial resources". Radin v. Tun, 2015 WL 4645255, *15 (E.D.N.Y. 2015).

    **1.**        **Respondeat Superior**

        Defendants argue that the County cannot be held liable for the actions of its deputy sheriffs under the doctrine of respondeat superior (defendants' Memorandum of Law [3-2], Point II). Plaintiff does not respond to that argument, presumably because he cannot. See Villar v. County of Erie, 126 A.D.3d 1295, 1296–97 (4th Dept. 2015) (holding that the County "may not be held responsible for the negligent acts of the Sheriff and his deputies on the theory of respondeat superior, in the absence of a local law assuming such responsibility . . . and here there is no such local law"). Therefore, plaintiff's Third Cause of Action asserting that claim should be dismissed.

    **2.**        **Statutes of Limitations**

        The timeliness of plaintiff's state law claims is determined by state law. Sherpak v. Newell Manufacturing Corp., 728 F. Supp. 97, 991 (E.D.N.Y. 1990). "C.P.L.R. §215(1) provides a one-year limitations period for an action against a sheriff upon a liability incurred by him by doing an action in his official capacity or by omission of an official duty. The one-year limitation governing actions against a sheriff . . . applies equally to his deputies". Houghton v. Cardone, 295 F. Supp. 2d 268, 280 (W.D.N.Y. 2003). "In addition, Gen. Mun. L. §50–i provides that . . . a tort claim against a county must be brought within one year and ninety days after the happening of the event upon which the claim is based". Id.

        Defendants argue that "[t]he incident giving rise to this litigation occurred on or about June 13, 2014. The Summons and Complaint was filed on October 19, 2016, outside both the one year statute of limitations period for all State claims against Sheriff's Deputies, and the one-year and 90 day limitations period for all State claims against the COUNTY OF ERIE. Therefore, all the State claims against the Defendants . . . must be dismissed". Defendants' Memorandum of Law [3-2], Point I.

Plaintiff argues that his claims did not accrue until the termination of the criminal action in his favor on October 27, 2015, and that since the action was commenced within one year of that date, his claims are all timely. Santarpia Affirmation [6], ¶¶3, 5. While it is true that "[m]alicious prosecution . . . claims accrue when there is a favorable termination of criminal proceedings against the plaintiff", Tuff v. Village of Yorkville Police Department, 2017 WL 401241, *13 (N.D.N.Y. 2017), the Complaint does not allege a claim for malicious prosecution, the elements of which are "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions". Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010).

All of the claims which plaintiff *did* allege arose on June 13, 2014, more than one year and 90 days prior to the commencement of this action. See Barrell v. Glen Oaks Village Owners, Inc., 29 A.D.3d 612, 613 (2006) ("a cause of action for personal injuries, whether sounding in negligence, malpractice, or products liability, accrues at the time of injury"); Sloane v. Town of Greenburgh, 2005 WL 1837441, *3 (S.D.N.Y. 2005) ("[t]he assault, battery, and intentional infliction of emotional distress claims are subject to New York's one-year statute of limitations for intentional . . . . It is undisputed that all claims began to accrue on September 27, 2000, when [plaintiff] was attacked"); Mitchell v. Home, 377 F. Supp. 2d 361, 378 (S.D.N.Y. 2005) ("[i]n New York, a state claim for false arrest/false imprisonment accrues when a plaintiff is released from pre-arraignment custody"). Here, the only alleged period of custody was June 13, 2014. *See* Complaint [1], pp. 24-25 of 31, ¶¶83-86.

Thus, absent some tolling provision, the limitations periods with respect to all of plaintiff's claims began to run on June 13, 2014. Citing CPLR §215(8)(a),[4] plaintiff argues that his state law claims did not accrue until the conclusion of his criminal trial on October 27, 2015. Plaintiff's Memorandum of Law [6], p.2. However, by its terms §215(8)(a) applies only where the defendant in the civil action is also the defendant in the criminal action. See Pipitone v. City of New York, 57 F. Supp. 3d 173, 198 (E.D.N.Y. 2014) ("the meaning of the phrase 'same defendant' is plain and unambiguous, and as such is not subject to judicial expansion . . . . Because the City was not a defendant in any criminal action related to these cases, CPLR § 215(8) . . . do[es] not apply to the plaintiffs' state law claims"). Since plaintiff does not allege that a criminal action was commenced against any of the defendants in this case, the tolling provision of §215(8) does not apply. Therefore, plaintiff's state law claims should be dismissed.

**CONCLUSION**

For these reasons, I recommend that the Complaint be dismissed, but with leave to replead, to the extent that plaintiff can do so consistent with Rule 11. See Ronzani v. Sanofi S.A., 899 F.2d 195, 198 (2d Cir. 1990) ("[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint").

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by April 18, 2017. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right

---

[4] "Whenever it is shown that a criminal action against the same defendant has been commenced with respect to the event or occurrence from which a claim governed by this section arises, the plaintiff shall have at least one year from the termination of the criminal action . . . in which to commence the civil action, notwithstanding that the time in which to commence such action has already expired or has less than a year remaining".

to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: April 4, 2017

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge